**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EULALIO PABLO-MENDOZA, | No. 11-71046 |
| Petitioner, | Agency No. A088-241-871 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2013
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

Petitioner Eulalio Pablo-Mendoza (Pablo-Mendoza) petitions for review of a

decision from the Board of Immigration Appeals (BIA) denying his claims for

asylum, withholding of removal, and protection pursuant to the Convention

Against Torture (CAT). Pablo-Mendoza contends that the BIA's finding that

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Pablo-Mendoza failed to demonstrate persecution on account of a protected ground was not supported by substantial evidence.

Pablo-Mendoza now maintains that he was entitled to asylum and withholding of removal because he was persecuted on account of an imputed political opinion and membership in a social group composed of witnesses to the extrajudicial killing of a relative. He also maintains that he was entitled to CAT relief on account of past torture from death threats made by the police. Because Pablo-Mendoza failed to raise these issues before the BIA, we lack jurisdiction to address these unexhausted claims. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) ("[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed. Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA. . . ."); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008). These claims are thus dismissed.

Substantial evidence otherwise supported the BIA's denial of asylum and withholding of removal because Pablo-Mendoza failed to demonstrate persecution on account of a protected ground. The record does not compel a finding that the police threats or his cousins' murders were related to Pablo-Mendoza's Mayan

2

heritage. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1089 (9th Cir. 2013) (en banc) ("[A] petitioner's belief that [he] has been persecuted does not alone prove persecution; rather, [he] must show persecution or a well-founded fear of future persecution on account of a protected ground. . . .") (citation omitted). Harassment and discrimination due to his Mayan ethnicity did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009).

Because of the speculative nature of Pablo-Mendoza's torture claim, the record does not compel a finding that Pablo-Mendoza "is more likely than not to be tortured in [Guatemala]. . . ." *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (citations omitted); *see also Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) ("Despite the troubling country reports, the record evidence does not compel the conclusion that [Pablo-Mendoza] himself will be, more likely than not, *tortured* upon his return. . . .") (emphasis in the original).

**PETITION DISMISSED in part and DENIED in part.**